**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| MALCOLM SCOTT and HELEN PROBST SCOTT, individually and on behalf of all others similarly situated, | Case No. 1:23-cv-1392-JBM-JEH |
| Plaintiffs, | **Removed from McLean County Circuit Court;** |
| v. | **Case No. 2023LA000114** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE CLASS ACTION**
**COMPLAINT**

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND................................................ 2

LEGAL STANDARD.......................................................................................... 3

ARGUMENT AND CITATION OF AUTHORITY ............................................... 4

    I.     Plaintiffs' Common Law Claims Fail. ................................................... 4

          A.    Plaintiffs Fail to Allege Damages or a Duty to Support a
               Negligence Claim (Count I). ........................................................ 4

          B.    Plaintiffs' Negligence Per Se Claim Fails Because Plaintiffs Do
               Not Allege a Violation of Any Strict Liability Statute Creating a
               Private Right of Action or Legally Cognizable Damages (Count
               II). ............................................................................................... 6

          C.    Plaintiffs' Invasion of Privacy Claim Fails Because There Was No
               Unauthorized Intrusion, and Plaintiffs Suffered No Anguish or
               Suffering (Count III). ................................................................. 9

          D.    Plaintiffs' Breach of Fiduciary Duty Claim Fails Because Insurers
               Do Not Owe a Fiduciary Duty to Insureds (Count IV). ............................ 11

          E.    Plaintiffs' Claim for Breach of Implied Contract Fails Because
               They Have Not Alleged a Meeting of the Minds and Actual
               Monetary Damages (Count V). .................................................... 12

          F.    Plaintiffs' Unjust Enrichment Claim Fails Because It is Duplicative
               of Plaintiffs' Implied Contract Claim and Because Personal
               Information, by Itself, is Not a Benefit (Count VI). ................................. 15

    II.    Plaintiffs' Declaratory Relief Claim Fails as A Matter of Law (Count VII). ....... 17

          A.    Requests for Declaratory Relief are Not Independent Causes of
               Action. ....................................................................................... 17

          B.    Plaintiffs' Declaratory Relief Claim is Duplicative of Other
               Claims. ...................................................................................... 17

    III.    Plaintiffs' Claim for Actual Damages Under the UDTPA Fails
    (Count VIII). ..................................................................................... 18

          A.    Injunctive Relief is the Exclusive Remedy Under the UDTPA. .............. 18

i

B.      Plaintiffs Cannot Demonstrate a Likelihood of Future Harm from
        State Farm's Alleged Violations of the UDTPA. ...................................... 19

CONCLUSION......................................................................................................................... 21

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Adams v. City of Indianapolis*,
    742 F.3d 720 (7th Cir. 2014) ...................................................3

*Aharon v. Babu*,
    2023 U.S. Dist. LEXIS 30973 (N.D. Ill. Feb. 24, 2023) ...................................................9

*Alam v. Miller Brewing Co.*,
    709 F.3d 662 (7th Cir. 2013) ...................................................3

*Alleruzzo v. SuperValu, Inc.* (*In re SuperValu*),
    925 F.3d 955 (8th Cir. 2019) ...................................................6

*Archey v. Osmose Utils. Servs.*,
    2021 U.S. Dist. LEXIS 144938 (N.D. Ill. Aug. 3, 2021)...................................................13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................3

*Blood v. VH-1 Music First*,
    668 F.3d 543 (7th Cir. 2012) ...................................................4

*Brush v. Miami Beach Healthcare Grp. Ltd.*,
    238 F. Supp. 3d 1359 (S.D. Fla. 2017) ...................................................13, 16

*Burrows v. Purchasing Power, LLC*,
    2012 U.S. Dist. LEXIS 186556 (S.D. Fla. Oct. 18, 2012)...................................................10

*Clay Elec. Coop., Inc. v. Johnson*,
    873 So.2d 1182 (Fla. 2003)...................................................4

*Cleary v. Philip Morris Inc.*,
    656 F.3d 511 (7th Cir. 2011) ...................................................16

*Cohn v. Guaranteed Rate Inc.*,
    130 F. Supp. 3d 1198 (N.D. Ill. 2015) ...................................................17, 18

*Community Bank of Trenton v. Schnuck Mkts., Inc.*,
    210 F. Supp. 3d 1022 (S.D. Ill. 2016)...................................................7

*Community Bank of Trenton v. Schnuck Mkts. Inc.*,
    887 F.3d 803 (7th Cir. 2018) ...................................................5

*Cooney v. Chi. Pub. Schs.*,
    407 Ill. App. 3d 358 (1st Dist. 2010) ...................................................5, 12

iii

*Doe v. Fertility Ctrs. of Ill.*,
   2022 U.S. Dist. LEXIS 59145 (N.D. Ill. Mar. 31, 2022)......................................17

*Dunbar v. Biedlingmaier*,
   2021 U.S. Dist. LEXIS 137719 (D. Md. July 23, 2021).........................................6

*Edelman v. Belsheim & Bruckert, LLC*,
   2012 U.S. Dist. LEXIS 70095 (S.D. Ill. May 21, 2012)........................................12

*Eisenberg v. City of Miami Beach*,
   1 F. Supp. 3d 1327 (S.D. Fla. 2014) ...............................................................17, 18

*Flores v. Aon Corp.*,
   2023 IL App (1st) 230140........................................................................... passim

*Garrard v. Rust-Oleum Corp.*,
   575 F. Supp. 3d 995 (N.D. Ill. 2021) ...................................................................17

*Greenberger v. GEICO Gen. Ins. Co.*,
   631 F.3d 392 (7th Cir. 2011) .........................................................................11, 12

*Guajardo v. Skechers USA, Inc.*,
   2021 U.S. Dist. LEXIS 179774 (C.D. Ill. Sept. 21, 2021).........................18, 19, 20

*Hepp v. Paul Revere Life Ins. Co.*,
   2014 U.S. Dist. LEXIS 107393 (M.D. Fla. Aug. 5, 2014) ....................................11

*Hernandez v. Ill. Inst. of Tech.*,
   63 F.4th 661 (7th Cir. 2023) ...............................................................................13

*Hogan v. Provident Life & Accident Ins. Co.*,
   665 F. Supp. 2d 1273 (M.D. Fla. 2009)................................................................12

*Horist v. Sudler & Co.*,
   941 F.3d 274 (7th Cir. 2019) ...............................................................................16

*HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*,
   131 Ill. 2d 145 (1989) ..........................................................................................15

*In re Arthur J. Gallagher Data Breach Litig.*,
   631 F. Supp. 3d 573 (N.D. Ill. 2022) ..............................................................10, 15

*In re Barnes & Noble Pin Pad Litig.*,
   2016 U.S. Dist. LEXIS 137078 (N.D. Ill. Oct. 3, 2016)......................................4, 14

*In re Brinker Data Incident Litig.*,
   2020 U.S. Dist. LEXIS 247918 (M.D. Fla. Jan. 27, 2020)......................6, 7, 13, 15

*In re Mednax Servs.*,
    603 F. Supp. 3d 1183 (S.D. Fla. 2022) ...............................................................13

*In re Michaels Stores Pin Pad Litig.*,
    830 F. Supp. 2d 518 (N.D. Ill. 2011) ...................................................................14

*In re SuperValu, Inc., Customer Data Sec. Breach Litig.*,
    2018 U.S. Dist. LEXIS 36944 (D. Minn. Mar. 7, 2018)......................................15

*Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*,
    665 F.3d 930 (7th Cir. 2012) ................................................................................3

*Irwin v. Jimmy John's Franchise, LLC*,
    175 F. Supp. 3d 1064 (C.D. Ill. 2016) .................................................................16

*J.R. v. Walgreens Boots All., Inc.*,
    470 F. Supp. 3d 534 (D.S.C. 2020).......................................................................8

*Jackman v. Cebrink-Swartz*,
    334 So. 3d 653 (Fla. 2d DCA 2021) ....................................................................10

*Jenks v. Bynum Trans., Inc.*,
    104 So.3d 1217 (Fla. 1st DCA 2012) ...................................................................13

*Kljajich v. Whirlpool Corp.*,
    2015 U.S. Dist. LEXIS 128972 (N.D. Ill. Sept. 25, 2015) ...................................19

*Kurowski v. Rush Sys. for Health*,
    2023 U.S. Dist. LEXIS 35702 (N.D. Ill. Mar. 3, 2023).......................................10

*Langbehn v. Public Health Trust*,
    661 F. Supp. 2d 1326 (S.D. Fla. 2009) ..................................................................7

*Lovgren v. Citizens First Nat'l Bank*,
    126 Ill. 2d 411 (1989) ..........................................................................................10

*Martin v. State Farm Mut. Ins. Co.*,
    348 Ill. App. 3d 846 (1st Dist. 2004) ...................................................................12

*McGlenn v. Driveline Retail Merch., Inc.*,
    2021 U.S. Dist. LEXIS 179775 (C.D. Ill. Sept. 21, 2021)..................................4, 5

*McGreal v. AT&T Corp.*,
    892 F. Supp. 2d 996 (N.D. Ill. 2019) ...................................................................11

*Moyer v. Michaels Stores, Inc.*,
    2014 U.S. Dist. LEXIS 96588 (N.D. Ill. July 14, 2014)....................................4, 14

*Myers v. Provident Life & Accident Ins. Co.*,
   2023 U.S. Dist. LEXIS 10297 (M.D. Fla. Jan. 20, 2023)......................................................11

*Oppenheim v. I.C. System, Inc.*,
   695 F. Supp. 2d 1303 (M.D. Fla. 2010)..............................................................................10

*Perdue v. Hy-Vee, Inc.*,
   455 F. Supp. 3d 749 (C.D. Ill. 2020)..................................................................9, 16, 19, 20

*Remijas v. Neiman Marcus Grp., LLC*,
   794 F.3d 688 (7th Cir. 2015)...............................................................................................15

*Resnick v. AvMed, Inc.*,
   693 F.3d 1317 (11th Cir. 2012)..................................................................................4, 13, 15

*Sallah v. BGT Consulting, LLC*,
   2017 U.S. Dist. LEXIS 101639 (S.D. Fla. June 29, 2017)....................................................12

*SCI Tex. Funeral Servs. v. Hijar*,
   214 S.W.3d 148 (Tex. App. 2007)..........................................................................................6

*Abbasi ex rel. Abbasi v. Paraskevoulakos*,
   187 Ill. 2d 386 (1999).............................................................................................................7

*Sieving v. Cont'l Cas. Co.*,
   535 F. Supp. 3d 762 (N.D. Ill. 2021)...................................................................................17

*Skinner v. Tel-Drug, Inc.*,
   2017 WL 1076376 (D. Ariz. Jan. 27, 2017)..........................................................................6

*Spiegel v. McClintic*,
   916 F.3d 611 (7th Cir. 2019).................................................................................................11

*Stewart v. Parkview Hosp.*,
   940 F.3d 1013 (7th Cir. 2019).............................................................................................6, 7

*Test Drilling Serv. Co. v. Hanor Co.*,
   322 F. Supp. 2d 957 (C.D. Ill. 2003)......................................................................................7

*Thomas v. Pearl*,
   998 F.2d 447 (7th Cir. 1993).................................................................................................10

*Vulcan Golf, LLC v. Google Inc.*,
   552 F. Supp. 2d 752 (N.D. Ill. 2008)...................................................................................18

*Walter E. Heller & Co. v. James Godbe Co.*,
   1985 WL 1384 (N.D. Ill. May 17, 1985)...............................................................................19

*Warren v. Rodriguez-Hernandez*,
  2010 U.S. Dist. LEXIS 96121 (N.D. W. Va. Sept. 15, 2010) ...................................7

*Weinberg v. Advanced Data Processing, Inc.*,
  147 F. Supp. 3d 1359 (S.D. Fla. 2015) ...................................................................6

*Williams v. Manchester*,
  228 Ill. 2d 404 (2008) .........................................................................................15

*Yu v. IBM*,
  314 Ill. App. 3d 892 (1st Dist. 2000) ................. 4, 8*Yvonne Mart Fox v. Iowa Health Systems*,
  399 F. Supp. 3d 780 (W.D. Wis. 2019) ...............................................................20

**RULES**

Federal Rule of Civil Procedure § 12(b)(6) ............................................................1, 3

**STATUTES**

15 U.S.C. § 45(a)(1) .................................................................................................9

42 U.S.C. § 300gg-91(c)(1) ...................................................................................7, 8

815 ILCS 530/45 ......................................................................................................5

**REGULATIONS**

45 C.F.R. § 160.103 ..................................................................................................8

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by its undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss the Class Action Complaint (the "Complaint").

## INTRODUCTION

Plaintiffs Malcolm Scott and Helen Probst Scott seek potentially tens of millions of dollars in this putative nationwide class action based on an entirely *alleged* ransomware attack. To this end, Plaintiffs allege that their information was among 400 million records purportedly stolen by malicious third parties who claim to have hacked State Farm's systems around August 2023 (the "Alleged Incident"). The only alleged evidence of this mammoth incident are messages posted online by two ransomware groups claiming to possess the records. Plaintiffs do not allege any facts evidencing that the ransomware groups' claims have been confirmed, or what types of data may or may not have been accessed in the Alleged Incident. Nor do Plaintiffs identify a single instance of fraud resulting from the Alleged Incident. The Complaint nevertheless asserts eight causes of action against State Farm related to its purported failure to maintain adequate measures to protect a litany of personal and other sensitive information (collectively, "Personal Information").[1]

Each cause of action fails, for at least the following reasons:

- Plaintiffs' negligence claim (Count I) fails because (1) Plaintiffs do not allege cognizable damages; and (2) Illinois does not recognize a common law duty to protect the personal information of non-Illinois residents.

- Plaintiffs' negligence per se claim (Count II) fails because (1) the Health Insurance Portability and Accountability Act ("HIPAA") and Section 5 of the Federal Trade Commission Act (the "FTC Act") do not create a private right of action or impose strict liability for any violation; (2) Plaintiffs fail to plead actual damages from the alleged

---

[1] According to Plaintiffs, State Farm collects and stores 13 categories of Personal Information, which include: (i) personally identifying information, such as "full names," "addresses," and "Social Security numbers"; (ii) financial information, such as "credit/debit card numbers"; and (iii) medical information, such as "Medicaid-Medicare ID numbers." Compl. ¶ 4.

1

violations; and (3) HIPAA is not a statute designed to protect human life, which is a required element under Illinois law.

- Plaintiffs' intrusion upon seclusion claim (Count III) fails because (1) Plaintiffs admit to voluntarily giving their Personal Information to State Farm; and (2) Plaintiffs fail to show that they suffered anguish or suffering as required in Illinois.

- Plaintiffs' breach of fiduciary duty claim (Count IV) fails because insurers do not owe a fiduciary duty to insureds, nor have Plaintiffs pled with specificity the existence of any other special relationship.

- Plaintiffs' breach of implied contract claim (Count V) fails because Plaintiffs have not alleged a meeting of the minds with State Farm for data security services, and moreover, Plaintiffs fail to plead compensable damages resulting from the breach.

- Plaintiffs' unjust enrichment claim (Count VI) fails because (1) Personal Information, by itself, is not a benefit; (2) nor is Personal Information payment for State Farm's services; and (3) the claim is duplicative of Plaintiffs' implied contract claim.

- Plaintiffs' declaratory relief claim (Count VII) fails because (1) requests for declaratory relief are not independent causes of action; and (2) the claim is duplicative of other claims.

- Plaintiffs' claim for actual damages under the Illinois Uniform Deceptive Trade Practices Act (the "UDTPA") (Count VIII) fails because injunctive relief is the exclusive remedy under the statute, and regardless, Plaintiffs cannot demonstrate a likelihood of future harm from State Farm's alleged violations.

For these reasons, and as set forth more fully herein, State Farm respectfully requests that this Court dismiss the Complaint in its entirety without leave to amend.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 13, 2023, Plaintiffs filed this putative class action in the Circuit Court of McLean County, Illinois. *See* ECF No. 1-1, Complaint. State Farm removed the action to this Court on October 18, 2023. *See* ECF No. 1, Notice of Removal.

Plaintiffs assert that their Personal Information was among 400 million insurance records that were "accessed and hacked by malicious, unauthorized third parties" on or around August 25, 2023. Compl. ¶ 1. Plaintiffs do not allege any facts regarding their State Farm insurance records. Nor do they allege facts showing that their Personal Information has been fraudulently misused

since the Alleged Incident. Instead, Plaintiffs conclusorily claim, "State Farm could have prevented" the Alleged Incident "by properly vetting and monitoring their systems." *Id.* ¶ 7.

Plaintiffs bring eight claims on behalf of two purported classes: (i) negligence, (ii) negligence per se, (iii) invasion of privacy (intrusion upon seclusion), (iv) breach of fiduciary duty, (v) breach of implied contract, (vi) unjust enrichment, (vii) declaratory relief, and (viii) violations of the Illinois UDTPA. *Id.* ¶¶ 58, 65–124. The two putative classes consist of all United States residents (the "Nationwide Class") and all Florida residents (the "Florida Subclass"), respectively, whose Personal Information was supposedly compromised in the Alleged Incident. *Id.* ¶ 58. Because none of Plaintiffs' claims are viable under applicable law, Plaintiffs' Complaint should be dismissed with prejudice.

## **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To do so, a complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). While the Court accepts as true all well-pleaded facts alleged in the Complaint, *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014), the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013).

3

## ARGUMENT AND CITATION OF AUTHORITY[2]

I.    **Plaintiffs' Common Law Claims Fail.**

A. **Plaintiffs Fail to Allege Damages or a Duty to Support a Negligence Claim (Count I).**

To state a claim for negligence, Plaintiffs must allege that (1) State Farm owed a duty to Plaintiffs, (2) State Farm breached that duty, (3) Plaintiffs suffered legally cognizable damages, and (4) those damages were proximately caused by the breach. *See Blood v. VH-1 Music First*, 668 F.3d 543, 546 (7th Cir. 2012) (applying Illinois law); *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012) (applying Florida law). Plaintiffs do not adequately plead *any* of those elements, let alone all of them, so their negligence claim should be dismissed with prejudice.

As an initial matter, the types of injuries Plaintiffs allege—including improper disclosure, lost time, and increased risk of identity theft—do not constitute actual damages sufficient to sustain a negligence action. *See McGlenn v. Driveline Retail Merch., Inc.*, 2021 U.S. Dist. LEXIS 179775, at *25 (C.D. Ill. Sept. 21, 2021) ("[I]ncreased risk of future identity theft is insufficient to show damages."); *In re Barnes & Noble Pin Pad Litig.*, 2016 U.S. Dist. LEXIS 137078, at *2, *14 (N.D. Ill. Oct. 3, 2016) (same for "unauthorized disclosure" of personal identifying information); *Moyer v. Michaels Stores, Inc.*, 2014 U.S. Dist. LEXIS 96588, at *22-23 (N.D. Ill. July 14, 2014) ("[P]urchase of credit monitoring protection also falls short of constituting an economic injury under Illinois law"). For this reason alone, Plaintiffs' negligence claim must be dismissed.[3] *See Yu v. IBM*, 314 Ill. App. 3d 892, 897 (1st Dist. 2000) ("Failure to state sufficient facts to constitute a legally cognizable present injury or damage mandates dismissal of the action."); *see Clay Elec.*

---

[2] Plaintiffs do not allege which law applies to their claims. Under either Illinois or Florida law, their claims fail.
[3] Because Plaintiffs fail to allege a duty, they necessarily fail to allege a breach of a duty.

*Coop., Inc. v. Johnson*, 873 So.2d 1182, 1185 (Fla. 2003) ("[a]ctual loss or damage" is required to establish negligence).

Second, Plaintiffs' negligence claim rests on the allegation that State Farm owes them a duty "to provide security, consistent with industry standards" for protecting their Personal Information, Compl. ¶ 68, but no such duty exists under Illinois law.[4] The Illinois Appellate Court ruled this year that only data collectors "in possession of the personal information of ***Illinois residents***" have "a duty to maintain reasonable security measures" under the state's amended Personal Information Protection Act ("PIPA") under certain circumstances. *Flores v. Aon Corp.*, 2023 IL App (1st) 230140, ¶ 23 (citing 815 ILCS 530/45) (emphasis added). But this recently-imposed duty, which focused on data incidents perpetrated by unauthorized persons, is "expressly limited to Illinois residents" and cannot apply to Plaintiffs, who are Florida residents. *McGlenn*, 2021 U.S. Dist. LEXIS 179775, at *18-19; *see* Compl. ¶¶ 13, 16. Furthermore, Illinois law does not recognize any generalized "common law data security duty" that would apply to non-residents like Plaintiffs.[5] *See Community Bank of Trenton v. Schnuck Mkts. Inc.*, 887 F.3d 803, 816 (7th Cir. 2018). "Absent a duty, there is no negligence," and so Plaintiffs' negligence claim fails. *Cooney v. Chi. Pub. Schs.*, 407 Ill. App. 3d 358, 364 (1st Dist. 2010).

---

[4] To be clear, Plaintiffs do not allege a duty arising under HIPAA for their negligence claim. *See* Compl. ¶¶ 66-68. But even if they did, the negligence claim would still fail because HIPAA does not create a private right of action or a duty that governs State Farm's conduct as an auto insurer. *See* Section I.B., *infra*.

[5] Despite expressly stating that PIPA imposes a duty to protect personal information of ***Illinois residents***, the *Flores* court seemingly extended such a common law duty to non-Illinois residents. 2023 IL App (1st) 230140, ¶ 24. This goes against PIPA's plain text and stands in stark contrast to Seventh Circuit authority ruling that no data security duty exists under Illinois law. *See* Section I.A, *supra*. In any event, the *Flores* court's rationale for doing so based on the relationship between the parties has no bearing here, as State Farm is not a cybersecurity expert and does not provide cybersecurity services to its insurance clients.

**B. Plaintiffs' Negligence Per Se Claim Fails Because Plaintiffs Do Not Allege a Violation of Any Strict Liability Statute Creating a Private Right of Action or Legally Cognizable Damages (Count II).**

Plaintiffs base their negligence per se claim on alleged violations of HIPAA and Section 5 of the FTC Act, but neither statute imposes strict liability nor provides a private right of action. Nor do Plaintiffs allege having experienced actual damages. For these reasons, and as discussed below, Plaintiffs have failed to demonstrate that State Farm's alleged violations of HIPAA and the FTC Act constitute negligence per se.

**1. HIPAA and the FTC Act Do Not Create a Private Right of Action and Do Not Impose Strict Liability for Any Violations.**

Plaintiffs' negligence per se claim fails under Florida and Illinois law because they allege violations of federal statutes that do not provide a private right of action. Neither HIPAA nor Section 5 of the FTC Act has a private a right of action. *See Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019); *In re Brinker Data Incident Litig.*, 2020 U.S. Dist. LEXIS 247918, at *28 (M.D. Fla. Jan. 27, 2020); *SCI Tex. Funeral Servs. v. Hijar*, 214 S.W.3d 148, 154 (Tex. App. 2007) ("Federal courts have uniformly held that a private right of action does not exist" under Section 5 of the FTC Act) (collecting cases). Moreover, the vast majority of courts have held that, because HIPAA and the FTC Act do not create a private right of action, plaintiffs cannot create one through a negligence claim.[6] Without a private right of action, the negligence per se claim should be dismissed because it is impossible for State Farm to be liable to Plaintiffs for any alleged violations. *See Stewart*, 940 F.3d at 1015 (dismissing claim based on HIPAA); *Weinberg v. Advanced Data Processing, Inc.*, 147 F. Supp. 3d 1359, 1365 (S.D. Fla. 2015) (dismissing claim

---

[6] *See, e.g.*, *Alleruzzo v. SuperValu, Inc.* (*In re SuperValu*), 925 F.3d 955, 963 (8th Cir. 2019); *Dunbar v. Biedlingmaier*, 2021 U.S. Dist. LEXIS 137719, at *7 (D. Md. July 23, 2021); *Skinner v. Tel-Drug, Inc.*, 2017 WL 1076376, at *3-4 (D. Ariz. Jan. 27, 2017), *R. & R. adopted*, 2017 WL 1075029 (D. Ariz. Mar. 22, 2017).

based on HIPAA); *In re Brinker Data Incident Litig.*, 2020 U.S. Dist. LEXIS 247918, at *28 (dismissing claim based on FTC Act).

Plaintiffs also fail to satisfy the high burden of alleging violations of a statute imposing strict liability to support their negligence per se claim. *See Community Bank of Trenton v. Schnuck Mkts., Inc.*, 210 F. Supp. 3d 1022, 1042 (S.D. Ill. 2016), *aff'd*, 887 F.3d 803 (7th Cir 2018). Under Illinois law, plaintiffs must allege "the violation of a statute" that "clearly . . . impose[s] strict liability" to state a claim for negligence per se. *Abbasi ex rel. Abbasi v. Paraskevoulakos*, 187 Ill. 2d 386, 395 (1999) (citations omitted). Similarly, "[n]egligence per se may be pled as a theory" in Florida "if there is a violation of a strict liability statute." *Langbehn v. Public Health Trust*, 661 F. Supp. 2d 1326, 1342 (S.D. Fla. 2009). Although Plaintiffs claim that State Farm breached duties under HIPAA and Section 5 of the FTC Act (it did not), Compl. ¶¶ 76-77, neither statute contains language imposing strict liability for any violation. *See Flores*, 2023 IL App (1st) 230140, ¶ 28 ("We find no support for the notion that the legislature clearly intended to impose strict liability for FTC Act violations."); *Test Drilling Serv. Co. v. Hanor Co.*, 322 F. Supp. 2d 957, 963 (C.D. Ill. 2003) (dismissing negligence *per se* claim because "there [was] no explicit language imposing strict liability"). Nor can Plaintiffs allege that "the legislature intended to impose" strict liability for a violation of HIPAA and Section 5 of the FTC Act since neither statute has a private right of action. *See Stewart*, 940 F.3d at 1015.

Moreover, HIPAA does not, as a matter of law, cover State Farm's functions as an auto insurer, or its property and casualty operations. *See* 42 U.S.C. § 300gg-91(c)(1) (enumerating auto insurance as an excepted benefit to which HIPAA does not apply); *Warren v. Rodriguez-Hernandez*, 2010 U.S. Dist. LEXIS 96121, at *14 (N.D. W. Va. Sept. 15, 2010). Nor do HIPAA's security standards apply to the Personal Information Plaintiffs claim to have provided to State

Farm.[7] Indeed, HIPAA protects "individually identifiable health information," and to qualify as such, the information must have been "created or received by a health care provider, health plan, employer, or health care clearinghouse." 45 C.F.R. § 160.103. However, the entire basis for Plaintiffs' claims rests on their *automobile insurance policies*. *See* Compl. ¶¶ 14, 17. And Plaintiffs do not allege that State Farm possesses, or that the Alleged Incident compromised, statutorily defined "individually identifiable health information." 45 C.F.R. § 160.103. As such, Plaintiffs cannot allege that HIPAA applies to State Farm or creates a duty that governs State Farm with respect to Plaintiffs under the facts of this case. *See J.R. v. Walgreens Boots All., Inc.*, 470 F. Supp. 3d 534, 554-55 (D.S.C. 2020) 555 (noting that the "court's own research" failed to reveal any cases "in which a court permitted a negligence per se claim based on a violation of HIPAA"), *aff'd*, 2021 U.S. App. LEXIS 31389 (4th Cir. Oct. 19, 2021) (per curiam).

### 2. Plaintiffs Fail to Plead Actual Damages from the Alleged Violations.

Plaintiffs' negligence per se claim also fails under Illinois and Florida law because they do not allege any cognizable damages flowing from the alleged violations of HIPAA and the FTC Act. Plaintiffs recite the same alleged injuries for their negligence per se and negligence claims. *See* Compl. ¶¶ 74, 83. For the reasons outlined above in Section I.A, Plaintiffs' alleged injuries do not constitute actual damages required to state a claim. The negligence per se claim, like the negligence claim, is therefore deficient. *See Yu*, 314 Ill. App. 3d at 897.

---

[7] Plaintiffs broadly allege that they "entrusted State Farm with, and allowed State Farm to gather, highly sensitive information relating to their health and other matters *as part of seeking medical treatment*." Compl. ¶ 8 (emphasis added). Yet, nothing in the Complaint plausibly explains why Plaintiffs would have provided such health information to State Farm in connection with their automobile insurance policies. In any event, Plaintiffs do not allege any disclosure of information that actually meets the definition of "protected health information" covered under HIPAA. Indeed, automobile insurance is not a "health plan" covered by HIPAA. *See* 45 C.F.R. § 160.103; *see also* 42 U.S.C. § 300gg-91(c)(1).

### 3. HIPAA and the FTC Act are Not Designed to Protect Human Life.

The negligence per se claim fails for the additional reason that Plaintiffs have failed to allege a violation of a life protecting statute under Illinois law. In Illinois, negligence per se claims provide strict liability for damages caused by violations of statutes that are "designed to protect human life." *Aharon v. Babu*, 2023 U.S. Dist. LEXIS 30973, at *14 (N.D. Ill. Feb. 24, 2023). HIPAA is not a statute designed to protect human life. Rather, HIPAA was meant to make the health care industry more efficient, including by "improv[ing] portability and continuity of health insurance coverage," and "combat[ing] waste, fraud, and abuse in health insurance and health care delivery." Health Insurance Portability and Accountability Act, Pub. L. No. 104–191, 110 Stat 1936 (1996). Section 5 of the FTC Act also is not a life-protecting statute, but instead, focuses on "unfair methods of competition . . . and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1). Plaintiffs have alleged no convincing reason this Court should find that HIPAA and the FTC Act are designed to protect human life, and thus, the negligence per se claim should be dismissed.[8]

In sum, Plaintiffs cannot allege HIPAA and FTC Act violations to sustain their negligence per se claim.

### C. Plaintiffs' Invasion of Privacy Claim Fails Because There Was No Unauthorized Intrusion, and Plaintiffs Suffered No Anguish or Suffering (Count III).

An "unauthorized intrusion or prying" by the defendant into the plaintiff's seclusion is a key element of any intrusion upon seclusion claim. *Flores*, 2023 IL App (1st) 230140, ¶ 51; *see Oppenheim v. I.C. System, Inc.*, 695 F. Supp. 2d 1303 (M.D. Fla. 2010), *aff'd,* 627 F.3d 833 (11th

---

[8] Alternatively, Plaintiffs' negligence and negligence per se claims are legally barred by Illinois' economic loss doctrine because they allege either purely economic losses (*e.g.*, lost time) or losses that involve no personal injury or property damage (*e.g.*, breach of confidentiality). *See Perdue v. Hy-Vee, Inc.*, 455 F. Supp. 3d 749, 761 (C.D. Ill. 2020) (dismissing negligence claims because plaintiffs alleged economic injuries, including lost time and inability to access bank accounts).

Cir. 2010). Illinois law further requires that "the intrusion caused the plaintiff anguish and suffering." *Flores*, 2023 IL App (1st) 230140, ¶ 51. Plaintiffs cannot satisfy either requirement.

Plaintiffs have not alleged any unauthorized intrusion by State Farm, but rather, allege that they voluntarily "entrusted State Farm with" their Personal Information. Compl. ¶ 8. This "voluntary disclosure . . . directly to [State Farm]. . . dooms [Plaintiffs'] claim" for intrusion upon seclusion. *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 598 (N.D. Ill. 2022) (dismissing claim because plaintiffs voluntarily disclosed personal information to defendants "as part of their [business] relationships").

To the extent Plaintiffs allege that hackers accessed their Personal Information, this is not an intrusion sufficient to state a claim ***against State Farm***. Courts have held that exposure of a plaintiff's information by third-party hackers does not constitute an unauthorized intrusion by a defendant. *See, e.g.*, *Kurowski v. Rush Sys. for Health*, 2023 U.S. Dist. LEXIS 35702, at *26 (N.D. Ill. Mar. 3, 2023); *Burrows v. Purchasing Power, LLC*, 2012 U.S. Dist. LEXIS 186556, at *20 (S.D. Fla. Oct. 18, 2012). Plaintiffs' allegation that State Farm "intentionally . . . disclos[ed] [their] information to unauthorized third parties," Compl. ¶ 87, amounts to a futile attempt of showing *publication*, not intrusion. "[T]he core of [the intrusion upon seclusion] tort is the offensive prying into the private domain of another"—not the subsequent act of publication. *Lovgren v. Citizens First Nat'l Bank*, 126 Ill. 2d 411, 417 (1989); *see Jackman v. Cebrink-Swartz*, 334 So. 3d 653, 656 (Fla. 2d DCA 2021) (finding publication is "not a required element for . . . intrusion upon seclusion"). Therefore, "disclosures of private personal information 'do not support a claim for unauthorized intrusion.'" *Kurowski*, 2023 U.S. Dist. LEXIS 35702, at *25; *see Thomas v. Pearl*, 998 F.2d 447, 452 (7th Cir. 1993) ("[A] plaintiff fails to state a claim for invaded seclusion if the harm flows from publication rather than seclusion.").

Even if Plaintiffs had alleged an intrusion (they do not), they fail to show that it caused them anguish or suffering as required by Illinois law. This is a high bar. Examples of "anguish or suffering" include "medical care, an inability to sleep or work, or a loss of reputation and integrity in the community. . . . *Injury is not presumed*." *Spiegel v. McClintic*, 916 F.3d 611, 619 (7th Cir. 2019) (applying Illinois law). Plaintiffs' conclusory assertion that the alleged privacy invasions "caus[ed] anguish and suffering," without pleading any facts in support, Compl. ¶¶ 87, 91, is legally deficient. *See Spiegel*, 916 F.3d at 619 (affirming dismissal of intrusion upon seclusion claim because "Illinois law requires that damages be specifically alleged"); *McGreal v. AT&T Corp.*, 892 F. Supp. 2d 996, 1015 (N.D. Ill. 2019) (granting dismissal because plaintiff did not plead "facts to support her 'anguish and suffering'").

### D.  Plaintiffs' Breach of Fiduciary Duty Claim Fails Because Insurers Do Not Owe a Fiduciary Duty to Insureds (Count IV).

Plaintiffs allege, without citing any supporting authority, that State Farm owes them a fiduciary duty to protect Personal Information. Compl. ¶ 96. This allegation necessarily fails because, "it is well settled that no fiduciary relationship exists between an insurer and an insured as a matter of law." *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 401 (7th Cir. 2011) (applying Illinois law) (citation omitted); *see Hepp v. Paul Revere Life Ins. Co.*, 2014 U.S. Dist. LEXIS 107393, at *15 (M.D. Fla. Aug. 5, 2014) (applying Florida law). Plaintiffs' breach of fiduciary duty claim therefore fails.

Nor have Plaintiffs met their burden of pleading with specificity the existence of any *other* kind of special relationship between the parties. *See Greenberger*, 631 F.3d at 401; *Myers v. Provident Life & Accident Ins. Co.*, 2023 U.S. Dist. LEXIS 10297, at *12-13 (M.D. Fla. Jan. 20, 2023). At most, the Complaint alleges that Plaintiffs "gave State Farm their Personal Information in confidence, believing that State Farm would protect that information." Compl. ¶ 95. That is not

11

sufficient to show that Plaintiffs "place[d] trust and confidence in [State Farm], thereby placing [State Farm] in a position of influence and superiority over [them]." *Greenberger*, 631 F.3d at 401. Nor can Plaintiffs establish the existence of a special relationship by simply alleging in conclusory fashion that State Farm accepted and stored their Personal Information, Compl. ¶ 95, as the "Court cannot accept as true [such] *legal conclusions*, only well pled facts." *Edelman v. Belsheim & Bruckert, LLC*, 2012 U.S. Dist. LEXIS 70095, at *15 (S.D. Ill. May 21, 2012) (dismissing breach of fiduciary duty claims because plaintiffs did not plead any facts of "special circumstances to show the existence of a fiduciary relationship"). Put differently, nowhere do Plaintiffs allege "***facts*** in the complaint from which [the Court] could infer that [P]laintiffs placed trust and confidence in [State Farm] based on friendship, agency, or experience." *Martin v. State Farm Mut. Ins. Co.*, 348 Ill. App. 3d 846, 851 (1st Dist. 2004) (emphasis added); *see Hogan v. Provident Life & Accident Ins. Co.*, 665 F. Supp. 2d 1273, 1287 (M.D. Fla. 2009) (dismissing breach of fiduciary duty claim based on similar conclusory allegations). Plaintiffs, therefore, have not met their burden to plead with specificity facts and circumstances "for displacing th[e] general rule" that insurers, like State Farm, "ordinarily are not fiduciaries." *Greenberger*, 631 F.3d at 401; *see Sallah v. BGT Consulting, LLC*, 2017 U.S. Dist. LEXIS 101639, at *18-19 (S.D. Fla. June 29, 2017) (conclusory allegations did not merit the "extraordinary step of transforming a non-fiduciary arms-length relationship into a relationship with fiduciary responsibilities"); *Cooney*, 407 Ill. App. 3d at 363 (affirming dismissal where plaintiffs' "sole contention" was that "a fiduciary duty was created when they provided [defendant] with information 'in confidence'").

### E. Plaintiffs' Claim for Breach of Implied Contract Fails Because They Have Not Alleged a Meeting of the Minds and Actual Monetary Damages (Count V).

A contract can be implied only if the circumstances demonstrate that the parties intended to be bound. *Flores*, 2023 IL App (1st) 230140, ¶ 31; *In re Brinker Data Incident Litig.*, 2020 U.S.

Dist. LEXIS 247918, at *17. Plaintiffs must also show that the elements of an express contract exist, albeit "inferred from the facts and conduct of the parties," rather than words. *Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 667 (7th Cir. 2023); *see Jenks v. Bynum Trans., Inc.*, 104 So.3d 1217, 1224 (Fla. 1st DCA 2012). This means Plaintiffs must allege "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Archey v. Osmose Utils. Servs.*, 2021 U.S. Dist. LEXIS 144938, at *5 (N.D. Ill. Aug. 3, 2021).

Under Florida law, the inquiry begins and ends with the first element, the existence of a contract. Courts applying Florida law have been unwilling to imply a contract to provide data security services under circumstances where the defendant has not "tacitly agreed to secure [plaintiff's] personal data in exchange for remuneration." *Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F. Supp. 3d 1359, 1369 (S.D. Fla. 2017); *see In re Mednax Servs.*, 603 F. Supp. 3d 1183, 1221 (S.D. Fla. 2022), *rev'd in part on other grounds*, 2022 U.S. Dist. LEXIS 148316 (S.D. Fla. Aug. 18, 2022). Here, the Complaint makes clear that Plaintiffs have automobile insurance policies (*i.e.*, contracts) with State Farm. *See* Compl. ¶¶ 14, 17. Plaintiffs allege no meeting of the minds with State Farm to support an implied contract for data security services in exchange for remuneration as part of their automobile insurance. Thus, no contract to provide Plaintiffs with data security services can be implied based on the parties' conduct. *Brush*, 238 F. Supp. 3d at 1369.

Plaintiffs' implied contract claim should also be dismissed for failure to plead compensable injury. In Florida, Plaintiffs must plead "damages result[ing] from the breach." *Resnick*, 693 F.3d at 1325. As discussed above, Plaintiffs fail to allege any compensable damages flowing from State Farm's alleged breach (*i.e.*, failing to implement security measures). *See* Section I.A., *supra*; Compl. ¶ 103. Plaintiffs further fail to satisfy the higher threshold of pleading "actual monetary

damages" under Illinois law. *Flores*, 2023 IL App (1st) 230140, ¶ 34. Indeed, in data breach cases, courts have held that the types of injury alleged by Plaintiffs—including overpayment, increased risk of identity theft, loss of value of Personal Information, and lost time—are not the "actual economic damage necessary to state Illinois law claims for breach of implied contract." *Moyer*, 2014 U.S. Dist. LEXIS 96588, at *22-24; *see also Flores*, 2023 IL App (1st) 230140, ¶ 34 (lost time and diminution in value of personal information "do not amount to actual monetary damages"); *In re Barnes & Noble Pin Pad Litig.*, 2016 U.S. Dist. LEXIS 137078, at *14-15 (overpayment and loss of value of personal information are not economic damages). Even allegations of "monetary losses" from fraudulent activity post-data breach (*e.g.*, unauthorized bank account withdrawals) have been deemed "conclusory," absent specific factual support. *Moyer*, 2014 U.S. Dist. LEXIS 96588, at *23. In the rare cases permitting implied contract theories, the plaintiffs have alleged unauthorized charges, bank fees, and widespread misuse of their financial information to establish actual monetary damages. *See, e.g.*, *In re Michaels Stores Pin Pad Litig.*, 830 F. Supp. 2d 518, 531 n.6 (N.D. Ill. 2011) (allowing breach of implied contract claim where plaintiffs alleged "that criminals have misused their financial information and caused [them] to lose money from unauthorized withdrawals and/or related bank fees").

Despite Plaintiffs' lengthy recitation of alleged injuries, *see, e.g.*, Compl. ¶ 74, they have failed to plead any actual monetary damages to support their breach of implied contract claim. Plaintiffs have not identified even a single instance of unauthorized bank withdrawals, fees, or misuse of their Personal Information in connection with the Alleged Incident. And although they claim to have "spent time monitoring [their] account for fraudulent activity and identity theft," *see* Compl. ¶¶ 15, 18, this is simply not enough to survive dismissal. *See Williams v. Manchester*, 228

Ill. 2d 404, 425 (2008) ("[A]s a matter of law, an increased risk of future harm is an <u>element of damages</u> that can be recovered for a present injury—it is *not* the injury itself.").

> **F.      Plaintiffs' Unjust Enrichment Claim Fails Because It is Duplicative of Plaintiffs' Implied Contract Claim and Because Personal Information, by Itself, is Not a Benefit (Count VI).**

To state a claim for unjust enrichment, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 160 (1989). The Seventh Circuit limits application of unjust enrichment to cases where a defendant retains payment for a "product [that] was defective or dangerous" and has "consistently declined to . . . extend[] this theory to data breach cases." *See In re SuperValu, Inc., Customer Data Sec. Breach Litig.*, 2018 U.S. Dist. LEXIS 36944, at \*45 (D. Minn. Mar. 7, 2018), *aff'd*, 925 F.3d 955 (8th Cir. 2019); *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 695 (7th Cir. 2015) (dismissing unjust enrichment claim where plaintiff did not allege a product defect, but instead, claimed that defendant should have devoted proceeds to cybersecurity).While the Eleventh Circuit has allowed unjust enrichment claims relating to data incidents, *see Resnick*, 693 F.3d at 1328, "no court has extended this theory to data breach cases outside of the healthcare context." *In re Brinker Data Incident Litig.*, 2020 U.S. Dist. LEXIS 247918, at \*31.

Plaintiffs' unjust enrichment claim must be dismissed for at least three reasons. ***First***, Plaintiffs premise the claim on the misguided notion that State Farm benefited from the mere receipt of their Personal Information. Compl. ¶¶ 107-08. But "courts have [] routinely rejected the proposition that an individual's personal identifying information has an independent monetary value." *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d at 592 (collecting cases).

***Second***, Plaintiffs argue without merit that State Farm "should not be permitted to retain" the purported benefit of their Personal Information without implementing adequate security

procedures. Compl. ¶ 110. This District Court has dismissed unjust enrichment claims based on Plaintiffs' exact argument because no benefit was conferred for the protection of the information. *See Perdue v. Hy-Vee, Inc.*, 455 F. Supp. 3d 749, 766 (C.D. Ill. 2020) (no unjust enrichment where plaintiffs' payments to defendant were for food and gas, not for "protection of their personal information"); *Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1072 (C.D. Ill. 2016) (same); *see also Brush*, 238 F. Supp. 3d at 1369 (no unjust enrichment where plaintiff did not pay "additional remuneration for data security"). The Illinois Court of Appeals also held this year, in a data breach case, that "plaintiffs' personal information was not the payment for defendant's insurance services. Instead, defendant incidentally received plaintiffs' personal information as an administrative necessity for providing their insurance services." *Flores*, 2023 IL App (1st) 230140, ¶ 38. Likewise, Plaintiffs' Personal Information was not payment for data security, but simply a necessity to purchase automobile insurance from State Farm. Nor do Plaintiffs allege that they paid State Farm extra for "a side order of data security and protection" with their automobile insurance policies. *Irwin*, 175 F. Supp. 3d at 1072. Plaintiffs, therefore, fail to establish that State Farm unjustly retained any benefit related to their Personal Information.

**Third**, under Illinois law, "[u]njust enrichment is not a separate cause of action." *Horist v. Sudler & Co.*, 941 F.3d 274, 281 (7th Cir. 2019). Where "an unjust enrichment claim rests on the same improper conduct alleged in another claim," it "will stand or fall with the related claim." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011). Here, Plaintiffs' unjust enrichment claim rests on the same misconduct alleged in their implied contract claim (*i.e.*, State Farm's supposed failure to protect Personal Information). *Compare* Compl. ¶ 103 *and* ¶ 110 (alleging State Farm failed to implement required data security measures). This means the unjust enrichment claim necessarily fails, and should be dismissed, along with the implied contract claim. *See Doe v.*

*Fertility Ctrs. of Ill.*, 2022 U.S. Dist. LEXIS 59145, at *15 (N.D. Ill. Mar. 31, 2022) (allowing unjust enrichment claim to proceed only as it related to the one defendant against whom plaintiff's contract claims survived dismissal).

## II.     Plaintiffs' Declaratory Relief Claim Fails as A Matter of Law (Count VII).

Plaintiffs rely on the Declaratory Judgment Act, 28 U.S.C. § 2201(a), to seek "[a] judicial determination of the rights and responsibilities of the parties regarding State Farm's privacy policies and whether [it] failed to adequately protect Personal Information." Compl. ¶ 114. Such a determination, according to Plaintiffs, would provide "clarity . . . as to State Farm's data security obligations." *Id.* Even assuming this is true, Plaintiffs' declaratory relief claim must be dismissed because it is improper and duplicative.

### A.   Requests for Declaratory Relief are Not Independent Causes of Action.

As a threshold matter, Plaintiffs improperly plead declaratory relief as an independent cause of action. *Sieving v. Cont'l Cas. Co.*, 535 F. Supp. 3d 762, 774 (N.D. Ill. 2021) (Declaratory Judgment Act "only provides an additional form of relief"). It must therefore be dismissed with prejudice. *See Garrard v. Rust-Oleum Corp.*, 575 F. Supp. 3d 995, 1004 (N.D. Ill. 2021); *Eisenberg v. City of Miami Beach*, 1 F. Supp. 3d 1327, 1350 (S.D. Fla. 2014).

### B.   Plaintiffs' Declaratory Relief Claim is Duplicative of Other Claims.

Even if Plaintiffs' declaratory relief claim had merit, which it does not, it adds nothing that will not be decided by other claims in the Complaint. Federal courts have held that claims for declaratory relief should also be dismissed if they are "duplicative of" or "substantially overlap[]" with a plaintiff's "substantive claims." *Cohn v. Guaranteed Rate Inc.*, 130 F. Supp. 3d 1198, 1205-06 (N.D. Ill. 2015); *Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 778 (N.D. Ill. 2008) (dismissing declaratory judgment count where it "fails to add anything that will not be decided by other pending counts"). Here, Plaintiffs' declaratory relief claim relies on the same assertions and

presents the same issues as other claims in the Complaint. For instance, the negligence, breach of fiduciary duty, and implied breach of contract claims all rest on the single contention that State Farm breached its obligations to safeguard Personal Information. *See* Compl. ¶¶ 71, 96, 103. This same contention underlies Plaintiffs' declaratory relief claim. *See id.* ¶ 113 (alleging that a controversy exists concerning "State Farm's failure to protect . . . Personal Information"). Plaintiffs' entirely duplicative declaratory relief claim should be dismissed on this basis alone. *See Cohn*, 130 F. Supp. 3d at 1205 ("Where the 'substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action "serve[s] no useful purpose."'") (citation omitted); *Eisenberg*, 1 F. Supp. 3d at 1350 ("A court should not entertain an action for declaratory relief when the issues are properly raised in other counts.").

## III.   Plaintiffs' Claim for Actual Damages Under the UDTPA Fails (Count VIII).

The UDTPA makes it unlawful to "engage[] in a deceptive trade practice." 815 Ill. Comp. Stat. Ann. 510/2. Because the UDTPA "was enacted to prohibit unfair competition and was not intended to be a consumer protection statute," consumers may only obtain injunctive relief pursuant to the statute—and only if they can show that they are "likely to be damaged in the future by a defendant's conduct" if such conduct is not enjoined. *Guajardo v. Skechers USA, Inc.*, 2021 U.S. Dist. LEXIS 179774, at *13 (C.D. Ill. Sept. 21, 2021). Here, Plaintiffs seek improper monetary damages relief under the UDTPA and have not pled facts to establish the likelihood of any future harm to boot.

### A.   Injunctive Relief is the Exclusive Remedy Under the UDTPA.

Plaintiffs seek "actual damages, costs and reasonable attorney fees" for State Farm's alleged violations of the UDTPA. Compl. ¶ 114. But the exclusive remedy under the UDTPA is

injunctive relief. *See* 815 Ill. Comp. Stat. Ann. 510/3.[9] Consumers, like Plaintiffs, cannot recover

actual or money damages for violations of the UDTPA. *See Guajardo*, 2021 U.S. Dist. LEXIS

179774, at *13; *Kljajich v. Whirlpool Corp.*, 2015 U.S. Dist. LEXIS 128972, at *15 (N.D. Ill.

Sept. 25, 2015). Nothing in the Complaint indicates that Plaintiffs seek injunctive relief under this

statute. *See id.* ¶ 124. Because actual damages cannot be recovered under the UDTPA, Plaintiffs'

claim for damages under the UDTPA must be dismissed with prejudice. *See Walter E. Heller &*

*Co. v. James Godbe Co.*, 1985 WL 1384, at *1 (N.D. Ill. May 17, 1985) (dismissing UDTPA claim

seeking "monetary damages only").

> **B.  Plaintiffs Cannot Demonstrate a Likelihood of Future Harm from State Farm's**
> **Alleged Violations of the UDTPA.**

Even if Plaintiffs had sought injunctive relief under the UDTPA (they have not), their claim

must still be dismissed because they cannot show that they are "likely to be damaged by a deceptive

trade practice" of State Farm in the future. 815 Ill. Comp. Stat. Ann. 510/3; *Kljajich*, 2015 U.S.

Dist. LEXIS 128972, at *15 ("a [consumer] must show that the defendant's conduct will likely

cause [her] to suffer damages in the future"); *Guajardo*, 2021 U.S. Dist. LEXIS 179774, at *13-

14 ("Likelihood of future harm . . . 'is an element of liability' of a UDTPA claim.") (citations

omitted). As courts have recognized, "[t]he problem inherent in such consumer actions is the

inability to allege facts which would indicate that the plaintiff is 'likely to be damaged,' because

ordinarily, the harm has already occurred, thus precluding a suit for injunctive relief." *Guajardo*,

2021 U.S. Dist. LEXIS 179774, at *15 (citation omitted). As such, allegations of a future risk of

---

[9] While the UDTPA provides for attorneys' fees and costs, they are available "*only if* the court finds that [the defendant] has *willfully* engaged in a deceptive trade practice." 815 ILCS 510/3 (emphasis added). Plaintiffs have proffered no facts demonstrating that State Farm acted deliberately or in bad faith to avoid securing Personal Information or to cause the Alleged Incident. In fact, the Complaint merely makes conclusory, speculative allegations that State Farm "intentionally" failed to secure Personal Information and "disclos[ed] said information to unauthorized parties." Compl. ¶ 87. Plaintiffs' "mere conclusory statements do not suffice" at the motion to dismiss stage. *Perdue*, 455 F. Supp. 3d at 757.

fraudulent activity do not suffice as future harm under the statute. Indeed, this Court has expressly rejected as insufficient allegations that a defendant's conduct "leave[s] [the plaintiffs] open to a future risk of additional fraudulent activity" by hackers using their stolen payment card information in the future. *Perdue*, 455 F. Supp. 3d 749 at 756-57, 773-74. As the Court explained, "this is not the type of harm that the Court is able to issue an injunction against," as "the Court cannot stop hackers from using [the plaintiffs'] information in the future." *Id.* at 773; *See also Yvonne Mart Fox v. Iowa Health Systems*, 399 F. Supp. 3d 780, 799 (W.D. Wis. 2019) (finding such allegations "go to the risk of harm . . . from the data breaches themselves, not the risk of harm that [the plaintiffs] face[] if [the defendant] continues to misrepresent its protective measures.").

Like the plaintiffs in *Perdue* and *Yvonne Mart Fox*, Plaintiffs here merely allege a "higher risk of identity theft and other crimes" resulting from the Alleged Incident itself, Compl. ¶ 123, yet fail to allege any facts suggesting they are likely to suffer those future crimes *because of* State Farm's ongoing violations of the UDTPA (*i.e.*, misrepresenting security measures). Indeed, any misuse of Plaintiffs' Personal Information would be perpetrated by the hackers behind the Alleged Incident, not State Farm. So, the increased risk of identity theft only goes to show potential harm from the Alleged Incident itself. Plaintiffs also claim to face a host of injuries which already occurred (if any at all), including "improper disclosure" and "overpayment for services." *Id.* Even if these allegations were plausible, Plaintiffs still fail to show that they are likely to be damaged *in the future* by State Farm's own, ongoing conduct. As such, injunctive relief under the UDTPA is not warranted.

## **CONCLUSION**

Plaintiffs' claims are all expressly precluded by applicable law. Even if they weren't, Plaintiffs fail to allege facts that support each element of their claims. Plaintiffs' claims must be dismissed with prejudice for any one of those reasons.

Dated: November 15, 2023                    Respectfully submitted,

Cari K. Dawson
ALSTON & BIRD LLP
One Atlantic Center
1201 W Peachtree St NE, Suite 4900
Atlanta, GA 30309
Tel.: 404-881-7000
cari.dawson@alston.com

Daniella P. Main
ALSTON & BIRD LLP
2300 Ross Avenue, Floor 23
Dallas, TX 75201
Tel.: 214-922-3400
daniella.main@alston.com

*/s/ John P. Heil, Jr.*
John P. Heil, Jr.
HEYL, ROYSTER, VOELKER & ALLEN, PC
300 Hamilton Boulevard, P.O. Box 6199
Peoria, Illinois 61602
Tel.: 309-676-0400
Fax: 309-676-3374

*Attorneys for Defendant*
*State Farm Mutual Automobile Insurance Co.*

## CERTIFICATE OF SERVICE

I certify that on November 15, 2023, I electronically filed this motion to dismiss with the Clerk of the Court by using the Court's electronic filing system, which will send notification to all counsel of record.

/s/ John P. Heil, Jr.
John P. Heil, Jr.
HEYL, ROYSTER, VOELKER & ALLEN, PC
300 Hamilton Boulevard, P.O. Box 6199
Peoria, Illinois 61602
Tel.: 309-676-0400
Fax: 309-676-3374

*Attorney for Defendant*
*State Farm Mutual Automobile Insurance Co.*